Zhang v. Lynch

BIA
Nelson, IJ
A200 172 732

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of July, two thousand fifteen.

PRESENT:
    DENNIS JACOBS,
    PETER W. HALL,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

_____

JUNLI ZHANG, AKA JUN LI ZHANG,
        *Petitioner,*

    v.                                    13-962
                                          NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Troy Nader Moslemi, New York, New
                         York.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney
                         General; Cindy S. Ferrier, Assistant
                         Director; Sunah Lee, Trial Attorney,

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Junli Zhang, a native and citizen of the People's Republic of China, seeks review of a February 21, 2013, order of the BIA affirming the September 1, 2011, decision of Immigration Judge ("IJ") Barbara A. Nelson, denying her asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Junli Zhang*, No. A200 172 732 (B.I.A. Feb. 21, 2013), *aff'g* No. A200 172 732 (Immig. Ct. N.Y. City Sept. 1, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(2). To establish a well-founded fear of a forced abortion or sterilization under a coercive population control policy, an applicant is required to "(1) identif[y] the government policy implicated by the births at issue, (2) establish[] that government officials would view the births as a violation of the policy, and (3) demonstrate[] a reasonable possibility that government officials would enforce the policy against [the applicant] through means constituting persecution." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 143 (2d Cir. 2008).

The agency did not err in concluding that Zhang failed to demonstrate the objective reasonableness of her fear of harm under China's coercive population control policy. As the agency found, she did not establish that family planning officials would consider her to be in violation of China's one child policy, because she only has one child with her husband. *See id.* Her assertion that she and her husband want to have a second child in the future is speculative and insufficient to establish her eligibility for asylum. *See*

3

*Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). Accordingly, the agency reasonably denied Zhang asylum, withholding of removal, and CAT relief because those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). We need not review the agency's alternative bases for denying relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4